PEOPLE ex rel. ELSIE HANNEMAN McAVOY, Relator, *v.* JOHN P. LEO et al., Composing the Board of Appeals of The City of New York, Respondents.

(Supreme Court, Kings Special Term, November, 1919.)

Certiorari — when writ of, dismissed — board of appeals — jurisdiction — Laws of 1916, chap. 503 — Building Zone Resolution, § 20.

The board of appeals, under chapter 503 of the Laws of 1916, and amendments thereto, and by virtue of section 20 of the Building Zone Resolution, has jurisdiction to reverse on appeal a decision of the superintendent of buildings of the city of New York refusing to issue a permit to the owner of property for the erection of a garage thereon, and to grant the permit.

The board of appeals, possessing the discretionary power to deal with specific exceptional cases and to vary any provision of section 20 of the Building Zone Resolution, in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done, acted within its jurisdiction and its determination cannot be considered as an illegal official act and its decision will be affirmed.

CERTIORARI proceedings.

Jacob Brenner, for relator.

William P. Burr, corporation counsel (Joseph I. Berry and F. E. V. Dunn, of counsel), for board of appeals.

Antonio Madeo, for Bartholdi Turecamo, intervenor.

MANNING, J.　The question submitted on this motion concerns the validity of a permit to erect and maintain

Supreme Court, November, 1919.      [Vol. 109.

a garage upon the premises known as Nos. 8716 and 8718 Sixteenth avenue, in the borough of Brooklyn. The superintendent of buildings had refused to issue a permit, and upon an appeal being taken by the property owner pursuant to law, the board of appeals having jurisdiction thereof pursuant to the powers conferred upon such board by chapter 503 of the Laws of 1916 and the acts amendatory thereof, and also by virtue of section 20 of the Building Zone Resolution of the board of estimate and apportionment, reversed the decision of the superintendent of buildings and granted the permit in question. The relator in this proceeding asserts that the action of the board of appeals is illegal, and such illegality is claimed to exist mainly for the reason that certain consents of surrounding property owners, claimed by the relator to be a condition precedent to the granting of the permit, were not " duly acknowledged " as required by section 7, subdivision 9, of the Zoning Resolution. The section invoked calls for the consent of eighty per cent of the property owners of the frontage deemed by the board to be affected by the proposed garage. It appears as a matter of fact that eighty-one per cent of such consents were procured and filed with the board, though it is conceded that instead of being " duly acknowledged " the consents are in each instance in the form of an affidavit and sworn to before a notary. The power of the board of appeals, in my opinion, was full enough to grant the permit applied for, even though there was a technical variation in the manner in which the consents were executed. In fact I am convinced that the board had power to grant the relief asked for, even though there had been no consents at all. The return to the writ made by the board sets forth the reasons why the application was granted in the following language: " The Board

was of the opinion that because of the existing use of the said premises numbered 8716 and 8718 16th Avenue, Borough of Brooklyn, prior to the adoption of the Building Zone Resolution, supplemented by the consents of 80 per cent. of the frontage deemed by the Board to be immediately affected by the proposed new building, and that the fire hazard would be lessened by the substitution of a brick building in place of the existing frame structure, that the public health, safety and general welfare would be secured and substantial justice done by the granting of the application permitting the erection of a new building in place of the old one to be used as a garage for more than five motor vehicles, subject to conditions which by their terms gave the fullest protection to adjoining owners and the public interests.'' The board further imposed a condition that the outer walls of said garage be unpierced throughout their entire length and height, and that any skylights in the roof of the building should not be within ten feet of the exterior walls of the structure, and it further imposed the condition that any permits necessary for the prosecution of the work should be obtained within nine months of the date of the board's action, and that the work should be completed within eighteen months from said date. Section 20 of the Building Zone Resolution adopted by the board of estimate and apportionment reads: '' Section 20. Rules and regulations. Modification of provisions. The Board of Standards and Appeals created by Chapter 503 of the Laws of 1916, shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this resolution. *Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have the power*

17

*in a specific case to vary any such provision in harmony
with its general purpose and intent, so that the public
health, safety and general welfare may be secured and
substantial justice done.* \* \* \* " By this section,
I think, it will clearly appear that the board of appeals
possessed the discretionary power to deal with specific
exceptional cases, and to vary any provision of the
resolution in harmony with its *general purpose and
intent,* so that the *public health, safety and general
welfare may be secured and substantial justice done,*
and evidently it considered this to be one of the cases
in which the discretionary power possessed by it
should be exercised; and having so determined, and
acted within its jurisdiction, its determination, in my
opinion, cannot be considered as an illegal official act.
See *People ex rel. Bienert* v. *Miller,* 188 App. Div. 113.
The writ is therefore dismissed, and the determination
of the board of appeals affirmed, with costs.

Ordered accordingly.