PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT E. FACEY, Plaintiff, v. JOHN P. LEO, Chairman, JOHN J. BEATTY, ALFRED J. BOULTON, JOHN DE HART, JAMES P. HOLLAND, JAMES KEARNEY, FIRE CHIEF JOHN KENLON, Constituting the Board of Appeals Created by Chapter 503 of the Laws of 1916, Defendants.

(Supreme Court, Kings Special Term for Motions, February, 1920.)

Certiorari — board of appeals — garage — zoning regulations — Greater New York charter, §§ 242-a (as amended), 719(5).

Under section 719(5) of the Greater New York charter and chapter 601 of the Laws of 1917 amending section 242-a thereof, the board of appeals has power, in exceptional cases in the interests of justice, to vary the regulations of the board of estimate relating to the construction of buildings within the city, and even though the action of said board of appeals in granting a permit for the erection of a public garage covering an entire plot in a residence district will result in the demolition of a frame stable on the rear of the plot which had been used for more than twenty years by from eight to twelve horses, the determination of the board will be affirmed on certiorari.

CERTIORARI proceedings.

McLeer & Dobson, for relator.

William P. Burr, corporation counsel (William T. Kennedy, of counsel), for respondents.

Henry F. Cochrane, for Martha R. French, intervenor.

CROPSEY, J. The board of appeals has granted permission for the erection of a public garage in a residence district under the building zone resolution. The legality of this action is challenged. In defense it is claimed the power exists under section 7, subdivision a, and section 20, of the resolution of the board of estimate.

For more than twenty years there has been a frame stable on the rear of the lots in question used by from eight to twelve horses. At times it was rented out. At other times it was used by the owner in his business. The action complained of will result in the demolition of this stable and the erection of a brick garage covering the entire plot. The car barns of the Brooklyn Rapid Transit are on the opposite side of the street. A large public garage is located on the same side as the proposed one, and another is across the street.

Section 7, subdivision a, gives the board power to " permit the extension of an existing building and the existing use thereof upon the lot occupied by such building at the time of the passage of this resolution or permit the erection of an additional building upon a lot occupied at the time of the passage of this resolution by a commercial or industrial establishment and which additional building is a part of such establishment." In

words this does not permit the destruction of an existing building and the erection of a new one in its place, but as it permits the *extension* of an existing building or the *erection* of an *additional* building, the erection of a new building in place of the existing one may well come within its provisions.

But if that construction be not upheld, section 20 must be considered. That reads: " * * * Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done. * * *"

The board of appeals is given broad powers by the charter to vary or modify any rule or regulation relating to the construction of buildings, "so that the spirit of the law shall be observed, public safety secured and substantial justice done." § 719, subd. 5, added by Laws of 1916, chap. 503. And by the amendment of 1917 (chap. 601) to section 242a of the charter, the board of estimate was authorized to provide that the board of appeals may determine and vary the application of the board of estimate's regulations "in harmony with their general purpose and intent." In *People ex rel. Beinert* v. *Miller,* 188 App. Div. 113, it was said that the board of estimate had no authority to delegate to the board of appeals the power to modify the zoning resolution. While the charter provisions above referred to were effective at the time of that decision, they seem to have been overlooked. In view of them there can be no question that authority is lodged in the board of appeals to vary the regulations in exceptional cases in the inter-

ests of justice. *People ex rel. McAvoy* v. *Leo,* 109 Misc. Rep. 255, 258. See, also, Greater New York Charter, § 718d.

It follows that the writ must be dismissed and the determination of the board of appeals affirmed, with costs.

Ordered accordingly.