THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. SMITH et al., Appellants, *v.* WILLIAM E. WALSH et al., Constituting the Board of Appeals of the City of New York, Respondents.

SPENCER ALDRICH, Intervenor, Respondent.

*New York city — building zones — construction of building zone resolution — order of certiorari — determination of board of appeals on erroneous theory — proper practice requires return to board for decision on correct theory rather than that Appellate Division pass on merits,*

*People ex rel. Smith v. Walsh*, 211 App. Div. 205, affirmed.
(Argued March 30, 1925; decided April 7, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 19, 1924, which reversed an order of Special Term sustaining an order of certiorari and reversing a decision of the board of appeals of the city of New York which granted intervenor's appeal from a determination of the superintendent of buildings of the borough

of Brooklyn denying his application for a permit to erect a public garage. The Appellate Division dismissed the order of certiorari and sustained the determination of the board of appeals.

*Andrew F. Van Thun, Jr., George H. Burtis* and *John J. Barry* for appellants.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Henry J. Shields* and *William T. Kennedy* of counsel), for respondents.

*John J. McBride* for intervenor, respondent.

*Per Curiam.* We agree with the construction of the Building Zone Resolution by the Appellate Division. (211 App. Div. 205.) The determination of the board of appeals was, however, based on an erroneous theory. It did not hear and determine the question under section 20 of the resolution. Proper practice would require that the matter be returned to the board to decide the application of the property owners on the correct theory rather than the Appellate Division should pass on the merits of the application. (*People ex rel. Dawley* v. *Wilson*, 200 App. Div. 537; affd., 235 N. Y. 587.)

As it seems clear that the board would exercise its power to vary the provisions of the resolution to the extent of granting the permit now before us under section 20, no substantial right of any party will be affected by an affirmance of the order appealed from.

The order should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Order affirmed.