In the Matter of the Application of RIVERSIDE ST. CLAIR COR-PORATION, Petitioner, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, New York County, March 24, 1928.

Municipal corporations — zoning ordinances — board of standards and appeals of city of New York granted application for erection of garage in district partly residential and partly unrestricted — building would extend into residence district more than twenty-five feet — board previously denied application pursuant to Building Zone Resolution, § 7, subd. b — determination of board pursuant to Building Zone Resolution, § 7, subds. b and c, permitting erection of building, proper — applications were not identical — " basis of appeal " within meaning of Building Zone Resolution, art. V, ¶ 7, was different on each application.

This is an application for the dismissal of a certiorari order to review the determination of the board of standards and appeals of the city of New York in granting permission for the erection of a garage in a district which is partly residential and partly unrestricted and in such a manner that the building would extend into the residence district more than twenty-five feet beyond the boundary line of the unrestricted area. Notwithstanding the fact that the board, pursuant to subdivision b of section 7 of the Building Zone Resolution, denied the application on a previous hearing, it was not barred from altering that determination where the board imposed conditions intended to safeguard the residential quality of the district pursuant to subdivision c of section 7 of the Building Zone Resolution, since it cannot be said that the applications are identical and that the denial of the first necessitates the refusal of the second.

Nor did the board in altering the previous determination violate its own rules of procedure since within the meaning of paragraph 7 of article V of the Building Zone Resolution the " basis of appeal " differed in each application.

Since there was ample authority in the board to grant the application, pursuant to subdivisions b and c of section 7, the order of certiorari is dismissed and the determination of the board of standards and appeals is confirmed.

MOTION for a final order dismissing the certiorari order issued in the above-entitled proceeding, and confirming the determination of the board of standards and appeals herein on the merits.

*John Caldwell Myers* [*John Caldwell Myers* and *John F. Keating* of counsel], for intervening defendant Elizabeth Reed, as executrix.

*Harry G. Fromberg,* for petitioner and objector.

*George P. Nicholson, Corporation Counsel* [*William T. Kennedy* of counsel], for the respondent Board of Standards and Appeals.

FRANKENTHALER, J. Petitioner has obtained an order of certiorari to review a resolution of the board of standards and appeals, which granted an application for the erection of a garage for use by more than five vehicles. The property involved is partly in a residence district and partly in an unrestricted district, the total area of the unrestricted portion being seventy-seven and fifteen one-hundredths per cent of the entire area of the plot.

Section 7 of the Building Zone Resolution permits the board after public notice and hearing, and subject to appropriate conditions and safeguards, to determine and vary the application of the use district exceptions in a number of specified instances, among which are the following: " (b) Where a use district boundary line divides a lot in a single ownership at the time of the passage of this resolution, permit a use authorized on either portion of such lot to extend to the entire lot, but not more than 25 feet beyond the boundary line of the district in which such use is authorized," and " (c) permit the extension of an existing or proposed building into a more restricted district under such conditions as will safeguard the character of the more restricted district."

The appeal was based upon the above-quoted subdivisions of section 7 and also upon section 21 of the Building Zone Resolution (formerly section 20), which reads in part as follows: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the board of appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done." The resolution now brought up for review granted the application on the authority of subdivisions (b) and (c) of section 7, and imposed conditions evidently intended to " safeguard the character of the more restricted district," viz., " that the building shall be erected fireproof; that the easterly gable wall shall be unpierced throughout its entire height and length; that the vehicular entrance to this garage shall be restricted to the St. Claire place frontage; that any openings other than windows on the Riverside Drive frontage shall be restricted to doorways not exceeding three feet eight inches in width; that the exterior of the walls on the street fronts shall be finished with light colored

Supreme Court, March, 1928.          [Vol. 131

face brick, with architectural terra cotta or stone trimmings; that there shall be no roof signs erected or maintained on these premises; that there shall be no signs or advertising of any nature or description erected or displayed within the residence use area of this plot; that any gasoline storage equipment installed shall be located at the street front on the St. Claire place frontage; that all permits required shall be obtained within nine months and the work completed within eighteen months from the date of this action." The reason for invoking subdivision (c) in addition to subdivision (b) of section 7 was the fact that the garage, according to the plans, would extend into the residence district more than twenty-five feet beyond the boundary line of the unrestricted area.

Petitioner attacks the action of the board of standards and appeals on various grounds. He points to a previous resolution of the board, adopted in April, 1924, denying an application by the same owner for the construction of a public garage on the identical property, and contends that the board, being a quasi-judicial body, had no power to review or reverse its previous determination in the absence of new evidence or proof of changed conditions. It is undoubtedly true, as a general proposition, that the board may not arbitrarily alter its rulings unless there is some change in circumstances to justify such action on its part. The principle has, however, in my opinion, no application to the instant proceeding. The previous application was based only upon the provisions of subdivision (b) of section 7, and, since the proposed plans showed that the garage would extend into the residence district more than twenty-five feet beyond the boundary line, the board was of course obliged to deny the application. No suggestion was made at the time that the board impose conditions designed to safeguard the residential character of the district as permitted by subdivision (c) of section 7. The present application differs from the former in that it invokes subdivision (c) as well as subdivision (b), not to mention the fact that it is also based upon section 21. At the hearing before the board the petitioner's points on appeal (p. 17 of the transcript of the record of the proceedings before the board) state that he " is perfectly willing to accede to any conditions with respect to safeguarding the neighboring property as the board sees fit to impose." The minutes of the hearing indicate that one of the objectors stated that he would withdraw his opposition if there would be no entrance on Riverside Drive (pp. 9, 10), and that an agreement to that effect was reached at the hearing and the application granted only on the conditions heretofore referred to.

It cannot properly be said that both applications are identical

and that, therefore, the denial of the first necessitates the refusal of the second. The proposal in the latter that the board prescribe safeguarding regulations sufficiently differentiates it from the previous appeal to that body to permit the making of a different ruling. The board was without power to apply the provisions of subdivision (c) on the prior application in the absence of any expression on the part of the applicant that he was willing to accept such restrictions as might be prescribed if that part of section 7 were invoked. The cases of *People ex rel. Swedish Hospital* v. *Leo* (120 Misc. 355; affd., no opinion, 215 App. Div. 696) and *Matter of McGarry* v. *Welsh* (213 id. 289) are easily distinguishable. In the former it was held that the board could not after denying an application reopen the proceeding and reconsider its action without any new evidence or justification disclosed by its records. In the *McGarry Case* (*supra*) the applicant failed to substantiate his appeal on the ground of hardship, and permission to construct a garage was, therefore, denied. Eight months later the board granted permission to reopen the proceedings on the ground that a large gas tank had been erected in the rear of the premises since the board's ruling. It appears, however, that the construction of that very tank had been mentioned in the prior application and had been a factor considered by the board in arriving at its earlier determination. The court in its opinion emphasized (bottom of p. 293) that both applications invoked the very same section and no other and (p. 300) that no new facts were disclosed, the board having merely reversed its prior decision without any reason or justification. It must be patent that neither of these authorities bears any analogy to the present proceeding.

Petitioner maintains, moreover, that the board in altering its previous determination violated its own rules of procedure, referring to paragraph 7 of article V of the Building Zone Resolution, which formerly stated that " no application that has been denied or dismissed can be entertained in a case in which the applicant by the filing of new plans has obtained a new decision from the superintendent of buildings unless the new plans materially change the aspects of the case." He has apparently overlooked the fact that paragraph 7 of article V was amended on February 15, 1927, to read as follows: " No application that has been denied· after a public hearing can be entertained *under the same* state of facts or *basis of appeal*, unless based upon a new decision by a superintendent of buildings on plans which materially change the aspects of the case " (italics mine). The " basis of appeal " differed on each application.

The proposition advanced by the petitioner to the effect that

subdivision (c) of section 7 permits the extension of a proposed building from an unrestricted district into a business district, but not into a residence district, it seems to me, finds no support in the provisions of the Building Zone Resolution. It is based upon an attempted distinction between " a more restricted district " and a most restricted district, but I can see no justification for it in the language of the law. It is unnecessary to consider the question of the extent to which the granting of the application may be sustained on the theory of hardship, which forms the basis of section 21, since there was ample warrant for the board's action in the provisions of subdivisions (b) and (c) of section 7. In *People ex rel. Smith* v. *Walsh* (211 App. Div. 205; affd., 240 N. Y. 606) (at p. 212), YOUNG, J., writing for the Appellate Division, Second Department, took the view that subdivision (c) of section 7 was separate and distinct from the provisions of section 20 (now section 21) and that the respective sections afforded independent grounds for varying the application of the " Use District Exceptions." In *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280) the reasoning of the opinion of the court, written by Chief Judge CARDOZO, indicates that the Court of Appeals entertained the same view. It was only after coming to the conclusion that section 7 did not apply in that case that Chief Judge CARDOZO found it necessary to consider the question whether section 21 permitted the adoption of the resolution (see pp. 283, 284). In the case of *People ex rel. Facey* v. *Leo* (110 Misc. 516; affd., no opinion, 193 App. Div. 910; affd., no opinion, 230 N. Y. 602) the court evidently proceeded on the same theory. It may not be amiss, however, in connection with the point of hardship, to direct attention to the fact that the board of standards and appeals, being made up of men with special qualifications and experience, may act of its own knowledge and without hearing witnesses, provided that its return sets forth the facts known to its members which are not otherwise disclosed. (*People ex rel. Fordham M. R. Church* v. *Walsh, supra,* 287.) The return here does contain allegations of fact stated to be based, in part at least, upon the familiarity of members of the board with the vicinity. For the reasons indicated the order of certiorari is dismissed, and the determination of the board of standards and appeals confirmed. Settle order.