——————————— MAZZARELL and Another, Plaintiffs, *v.* ———————————
WALSH and Others, Defendants.

Supreme Court, Kings County, December 19, 1929.

*Edward L. Kelly* [*James F. T. Delaney* of counsel], foɪ the applicant.

*Arthur J. W. Hilly, Corporation Counsel,* for the respondents.

FABER, J. Unless it be found that the board of standards and appeals has abused its discretion, has acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal in refusing to vary the application of the use district regulation, the court is not justified in substituting its own determination for that previously reached. In the present case, however, it appears that the petitioners made application to the board under the provisions of section 7(e) as well as under those of section 21 of the Building Zone Resolutions. Section 7(e) provides that the board may vary the use by permitting " in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles or a stable for more than five horses which existed on July 25, 1916."

Upon the hearing it appears that the chairman of the board made the following statement: " All right. Let us hear from the opposition. You have established your basis of appeal under section 7(e)." However, a search of the record reveals no opposition, in so far as it might relate to the section quoted. Neverthe-

less, it appears that the denial by the board of the application was predicated solely upon the proposition that no practical difficulties or unnecessary hardships were shown to exist, to warrant a variance under section 21. The board maintains that " section 7(e) merely gives the board a foundation upon which to consider an application for a variation of the Zoning Law; it does not make it mandatory for the board to grant the application, merely because a garage or stable had existed in that street prior to the enactment of the Zoning Law. The matter still remains discretionary with the board."

With this contention the court is in accord. However, it does not appear in the decision referred to that that discretion was exercised, either affirmatively or negatively, in respect to the appeal, in so far as it might be granted or denied under section 7(e). I do not think that the law requires the applicant, after establishing the basis for his appeal under the provisions of section 7(e), to go further and present in addition a basis of appeal under the provisions of section 21 as well. The provisions of section 7(e) make no reference to a dependence upon the provisions of section 21. I am satisfied that, once a basis of appeal has been established under section 7(e), the presentation of proper proof thereunder is sufficient to warrant the exercise of the board's discretion. I, therefore, do not subscribe to the view that a denial of the application under section 21 presupposes of itself a denial of the application under section 7(e). I think that each of the sections is independent of the other.

The court, in *People ex rel. Fordham Manor Reformed Church* v. *Walsh* (244 N. Y. 280), points out the distinction between the two sections. The rule there expressed was cited in *Riverside St. Clair Corporation* v. *Walsh* (131 Misc. 652), wherein it was stated: " It is unnecessary to consider the question of the extent to which the granting of the application may be sustained on the theory of hardship, which forms the basis of section 21, since there was ample warrant for the board's action in the provisions of subdivisions (b) and (c) of section 7. In *People ex rel. Smith* v. *Walsh* (211 App. Div. 205; affd., 240 N. Y. 606) * * * Young, J., * * * took the view that subdivision (c) of section 7 was separate and distinct from the provisions of section 20 (now section 21), and that the respective sections afforded independent grounds for varying the application of the ' Use District Exceptions.' In *People ex rel. Fordham Church* v. *Walsh* the reasoning of the opinion * * * indicates that the Court of Appeals entertained the same view. * * * In the case of

*People ex rel. Facey* v. *Leo* (110 Misc. 516; affd., no opinion, 193 App. Div. 910; affd., no opinion, 230 N. Y. 602) the court evidently proceeded on the same theory."

It affirmatively appears, therefore, that the decision of the board in the instant case was defective, in that it did not expressly contemplate both bases of appeal as raised by the applicant. As a consequence of the foregoing, the matter now comes before this court on the merits to determine whether the facts present a proper case for the relief sought under section 7(e).

The record reveals that the general character of the neighborhood is such that the erection of the applicant's garage could have little or no effect thereon. It appears that directly opposite the applicant's site is a storage yard, stable, wagon shed and garage owned by one who filed an objection to the variance in use. In propinquity to the above improvements is located a yard being used by the bureau of highways to house tractors and stone-loading machines. In front of the premises is an elevated railroad structure, with its consequent interference with light and air. The noisome and continuous passage of trains over the tracks cannot but lessen the possibility of developing the land for residential purposes or for the erection of stores to advantage. As a matter of fact it appears that of the stores already erected not a few have been vacant for a long period. There are other factors which tend to preclude the use of the premises for residential or other ordinary business purpose. In addition, the applicant in his papers upon this motion has offered to prove, in the event that the court requires cumulative evidence of the character of the neighborhood, that a few feet north of the site there is a freight switch employed to shunt railroad cars which operate along the surface; that to the south of the premises and in the immediate neighborhood is located a milk depot, with wagon sheds, garages and stables accommodating at least 109 horses. However, for the purpose of reaching a proper determination herein, I think sufficient facts have previously been revealed to demonstrate the true situation.

The case here presented, I think, offers more urgent cause for relief than that revealed in the case of *People ex rel. Smith* v. *Walsh* (211 App. Div. 205; affd., 240 N. Y. 607). There it was held: " I have already pointed out that there was evidence before the board to show that this property was not available for residence or ordinary business purposes, and that so far as the record shows, a public garage was practically the only use available. If, therefore, the intervening appellant be deprived of that use by the strict letter of the Building Zone Resolution, surely practical difficulties and unnecessary hardships will ensue within the meaning

of section 20 (now section 21). * * * It seems to me, therefore, that all the elements necessary to bring this case within the provisions of section 20 exist. The property is not available for residence or ordinary business purposes. It is available for a garage. Consents of property owners * * * cannot be obtained. Manifestly, then, practical difficulties and unnecessary hardships in the way of carrying out the strict letter of the provisions of the resolution exist, and the board of appeals would have power under section 20 so to grant the permit."

There the application was apparently made under what is now section 21; here the basis of appeal being considered is under section 7(e). There it was necessary to show practical difficulties and unnecessary hardships as a condition precedent to the granting of the use variance; here, under section 7(e), no such prerequisite exists. There the consents of the property owners could not be obtained; here it appears a majority of adjacent owners have consented to the erection of the garage. A reading of the record convinces the court that, even under section 21, a sufficient showing was made by the applicant to justify the board to vary the use on the ground of hardships and difficulties, and that under either section the application should have been granted.

Motion granted.