Thomas E. Morrissey, Jr., J.
This is a certiorari proceeding by some 50 petitioners to review a determination of the Board of Standards and Appeals. The respondent board moves to vacate the order of certiorari, to dismiss the petition and to affirm the determination of the board.
The owner of the property in the area affected filed an application under section 7 (subds. [e], [h]) of the Zoning Resolution of the City of New York to permit in a business and residence use district the maintenance of a parking lot on the unbuilt portion of the premises. Objections were filed by a considerable number of the abutting property owners affected by the application, but after a public hearing and an inspection of the property the majority of the respondent board voted to grant the application under the afore-mentioned section of the zoning resolution for a term of five years upon certain conditions set forth in the resolution granting the variance.
The premises affected are located at Flatiands and Flatbnsh Avenues (Block 7821, Lots 21, 23 and 122), in the borough of Brooklyn, city of New York. They consist of an irregular plot and include the rear unbuilt portion of Lot 23. The front part of Lot 23 is devoted to stores’ use which face on Flatbush *970 Avenue. Lot 122 extends from the rear of Lot 23 and is an inside lot, i.e., in the nature of a back yard to Lot 23 and is surrounded on all of its other sides by the rears of some 15 or more private dwellings. Under the variance granted by the respondent board it is proposed that one of the private dwellings on Flatlands Avenue (Lot 21) is to be demolished to provide an entrance and exit to this interior parking lot for which the variance was granted.
Petitioners contend that the determination of the board was illegal, arbitrary and capricious. Respondent board, on the other hand, asserts, that in granting the application for use variation of the zoning requirements to permit the maintenance of a parking lot for five years subject to appropriate conditions and safeguards they acted within their express power, as imposed by the statute, for the best interests of the property owners in the affected area and in harmony with the zoning law.
An examination of the record discloses that practically all of the area involved upon this application is zoned as a restricted residential use district, i.e., Lots 21 and 122, and of course the purpose of such zoning was to stabilize and restrict this area for residential purposes only.
The zoning regulations which permit the granting of variances by the Board of Standards and Appeals of such use district regulations have been held to be in the nature of safety valves to prevent oppressive operation of the zoning resolution in particular instances and the board must see to it that a variance which is granted under section 7 does not weaken either the general purpose of the zoning resolution or the use district regulations prescribed for the particular district (Matter of Thomas v. Board of Standards & Appeals, 290 N. Y. 109, 114). Under such circumstances, the test to be applied in determining whether the board has exercised its discretionary powers properly under section 7 is stated in Matter of Reed v. Board of Standards & Appeals (255 N. Y. 126, 135) as follows: “ The Board must in each case act on some reasonable basis in harmony with the general purpose of the resolution. Nothing more is required (People ex rel. Smith v. Walsh, 211 App. Div. 205, affd. 240 N. Y. 606). Under section 7(c) the element of ‘ public health, safety and general welfare ’ is not emphasized as in section 21, although it may well be taken into consideration. The question of hardship to the individual owner becomes a more material element in the determination of the application. May he be allowed ‘ under such conditions as will safeguard the character of the more restricted district ’ to extend his ‘ existing or proposed building into a more restricted district? ’ The *971 variation may be made to meet the specific case in order to enable the owner to make a reasonable and profitable nse of his property if it can be done without violence to the general zoning plan and without causing substantial inconvenience to the immediate neighborhood ”. (Emphasis mine.)
It would seem to me that the variance granted by the board permitting a parking lot use of an inside interior plot in this restricted residential area not only does violence to the general zoning plan, but it is also out of harmony with the general purpose of the zoning resolution. The granting of the variance makes it impossible to safeguard the more restricted residential area and it will most certainly cause substantial inconvenience to the immediate neighborhood. It will create no end of disturbances, noises and traffic hazards for the abutting owners and their children and it will obviously greatly depreciate the values of the petitioners’ residential homes and properties. On this aspect of the application it is significant to note that the chairman of the respondent board opposed the granting of the variance and I would assume that he did so for the foregoing reasons.
While the respondent board is vested with wide discretion in these matters, it is my considered view, in the light of the guiding rules expressed by the court in Matter of Reed v. Board of Standards & Appeals (supra) that the granting of the variance was an arbitrary act and an abuse of discretion.
The determination of the Board of Standards and Appeals is, therefore, annulled and the respondent board’s application to vacate the certiorari is denied. Submit order.