Arthur G-. Klein, J.
These are two motions made respectively by the respondents constituting the Board of Standards and Appeals of the City of New York and by the interveners, who are the original applicants for the variance, for a final order dismissing the order of certiorari issued herein.
Although a request for a permanent variance was made, the Board of Standards and Appeals granted only a two-year variance in the exercise of its discretion and in accordance with the provisions of the zoning resolutions and other applicable provisions of law, commencing March 6, 1956.
Objectants to the application for the variance did not seek a review of said decision of the board.
On October 23, 1957, or more than four months prior to its expiration, the owner-intervenor applied by letter for an extension of the term of the variance. No personal notice was given to the original objectants, or to anyone, and the matter was placed on the calendar of the board for November 19, 1957.
On November 19, 1957, no opposition appearing, the application was granted to the extent of amending the resolution adopted March 6, 1956, so far as it referred to the term of the variance, so that, as amended, this portion of the resolution read: ‘1 granted under Section 7, subdivision c, for a term of five years from the date of this amended resolution, etc.” (Emphasis supplied.) This resolution was passed on November 19, 1957 and was duly printed on November 26, 1957, in the Bulletin. On December 18, 1957, an order to show cause was signed by the court for a review of this decision. Subsequently the intervenors were made intervenors-respondents.
The petitioners claim that the action of the board is illegal, arbitrary and capricious.
*554 The granting of the variance for the term therein and upon the facts submitted thereon is not now subject to review (Administrative Code of City of New York, § 668e-1.0).
Upon the application for the extension of the time of the variance, admittedly no personal notice was given to the original objectants.
The respondents contend that no public or personal notice is required. The court would agree that no notice is required of an application for extension under ordinary conditions, where the extension is from the time of expiration.
It is urged by the respondents that the objectants had notice of the temporary variance and the two-year grant and that they knew or should have known that an application for an extension would be made. While this may be true, the application for renewal at a time prior to the expiration date hardly gives the objectants or the public an opportunity to know of such application, much less to appear in opposition. This is especially true, when the board acts upon such application over three •months prior to the expiration date of the grant. If the application is for an extension, there is no compelling reason why the original decision should be amended to take effect immediately.
It would seem to me that this so-called extension granted so prematurely to the expiration date fixed in the original determination, and with a change of term from two to five years, is not an extension of the terms of the variance, but actually amounts to a modification, without additional facts shown to warrant it.
I am of the opinion that the board lacks authority to modify or revoke its decisions without a change of facts, and at the very least, without giving notice of its intention so to do.
It would therefore seem that the circumstances herein and the consideration of an application for an extension and the determination thereof within such a short period of time, warranted an opportunity to the objectants to be heard, not under the original objections, but under any new conditions which might have arisen since the original determination. The board states that there would be nothing to stop objectants from submitting anything for the board’s consideration in the interim or from writing to the board for information as to when an application is made for an extension, yet if they had written for information on October 1, it would have been too early; if they had written on December 31 it would have been too late.
On the original application for a variance and after hearing all sides, and after personal inspection by the board, and taking *555 into consideration the purpose of the zoning laws and the reasons for placing the district in a more restrictive category, and after due deliberation, a permanent variance was denied and a variance for a term of two years was granted.
Upon the extension application, no facts to support the decision are contained in the record of the board filed on the return. The court must decide whether the facts revealed for the first time in the answering affidavit provide sufficient evidence to support the determination. (See Matter of Riverside St. Clair Corp. v. Walsh, 131 Misc. 652, affd. 225 App. Div. 655.)
The affidavit of the chairman of the board submitted in opposition to the petition does not give sufficient facts upon which the court may determine whether the decision made is illegal, arbitrary or capricious (Matter of Collins v. Behan, 285 N. Y. 187). This is especially true since, in this case, after a full and complete inspection and hearing of objections on the original application, the board decided to grant only a two-year variance.
Now upon the application for extension the board in the answering affidavit states that the ‘ ‘ physical conditions in the block and street had not materially changed since the date of the original grant, while some of the old tenements had ~been demolished, the permanent nonconforming uses were still extant”. (Emphasis supplied.) Without showing to what extent and in what number old tenements were demolished, the board held that there was no material change.
The board goes on further to say: 11 That predicated upon its experience in these matters the Board determined that it would be idle to grant only a two-year temporary extension; this would require the applicant to return in a relatively short period of time for another two-year extension. In the light of aE the foregoing and the insubstantial change of conditions in the immediate area surrounding the subject premises the Board determined that a temporary period of five years was not only reasonable but justified.”
If the original appEcation warranted only a two-year term of variation, upon the same state of facts, a much greater extension would not appear to be warranted. If, as stated in paragraph 57, the permanent nonconforming uses were stiE extant, .and such permanent nonconforming uses would not be affected by the zoning resolution, it is not apparent to what extent the district may change either in two years or five years in order to warrant a denial of the variation. If such change occurred within two years the purpose of the zoning resolution should not await the expiration of the term of the variance.
*556 The board may have good and sufficient reasons for their decision but they have not expressed them on the record (People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280). The statement that it would be idle to grant only a two-year temporary extension and require the applicant to return in a relatively short period of time for another two-year extension is of little merit, considering the board’s original determination and the little effort required to get the extension.
This is not the ordinary application for a variance where, although granted for a stated time, it became more or less permanent. Here, as stated by the board, it wants to control the situation so that at.the proper time it could be in a position to terminate the variance. But such control would be of no avail if it must wait five years. On the other hand, the purpose for which the district was rezoned might be thwarted because of such extended variance. Balancing the equities, the inconvenience of an applicant is more than offset by the rights of the public in general.
Accordingly, the matter is remanded to the Board of Standards and Appeals to make findings of fact in support of whatever determination it may reach upon the evidence received in connection with intervenor’s application with leave to any party appearing on said application to introduce further evidence (see Matter of Collins v. Behan, 285 N. Y. 187, supra; People ex rel. Smith v. Walsh, 240 N. Y. 606).
Settle order.