In the Matter of MARLOS DEVELOPMENT CO., INC., et al., Petitioners, v. WILLIAM DOERING et al., Constituting the Town Board of the Town of West Seneca, et al., Respondents.

Supreme Court, Erie County, May 15, 1962.

*Peter B. Carr* for petitioners. *Jack I. Morris* for respondents.

WILLIAM B. LAWLESS, J. Petitioners instituted proceedings pursuant to article 78 of the Civil Practice Act to review and annul the decision of the Town Board of the Town of West Seneca, Erie County, New York, which denied petitioners' application for a building permit to construct a filling station at the northwest corner of the intersection of Union Road and Seneca Street in the Town of West Seneca.

The papers before us indicate that petitioners were denied a building permit by the Building Inspector of the said town and thereafter and at a meeting of the Zoning Board of Appeals for the town, held April 11, 1962 appealed from that determination. Thereafter, the said Zoning Board of Appeals voted to deny the appeal. The grounds assigned by the Zoning Board for its denial were that under paragraph 10 of the amendments to the zoning ordinance of the township, a filling station was

not located at the northeast corner as required for an exception, and on the further grounds that the petitioners had not complied with the zoning ordinances in respect to obtaining the necessary preliminary permit for highway drainage, cutting curbs, and on the further ground that petitioners had failed to procure a demolition permit to demolish existing buildings.

Petitioners established that on May 20, 1957 the Town Board of the Town of West Seneca adopted an amendment to the zoning ordinances of the township which reads and provides as follows:

"Section VII, paragraph 10: 10. Filling Station Defined. A filling station is a use of a building or a portion of a building or an area of land for the storage or sale of motor fuel or inflammable liquids for motor or other purposes. For the purpose of this section, any pump or other equipment storing said fuel or liquids in quantities of 250 gallons or more or dispensing the same for commercial profit may be deemed a filling station.

"No filling station shall hereafter be located in any business or industrial use district within 1000 feet of an existing or authorized filling station or school as measured in any direction nor have any pump within 20 feet of any street line.

"*Except that at an intersection where one filling station is permitted or existing, the other corners formed by the intersecting roads may have filling stations upon them, provided, however, that the highway is paved and provided with adequate drainage along the sides thereof so as to prevent the flow of flammable liquids from one filling station site to another.*" (Emphasis supplied.)

"No filling station shall have entrances and exits having a combined width of more than one-half of its entire street frontage, and the location or locations of said exits shall be approved by the Town Board."

The zoning ordinance under section III, definitions, states: "Accessory Building: A subordinate building located on the same lot with the main building, occupied by or devoted to an accessory use. Where an accessory building is attached to the main building in a substantial manner, as by a wall or roof, such accessory building shall be considered part of the main building." Petitioners contend that their real property is located at the northwest corner of Union Road and Seneca Street and that there is an existing filling station or gasoline service station at the northeast corner of Union Road and Seneca Street, by virtue of which they are entitled to a permit under the exception to paragraph 10 of section 7.

The alleged filling station at the northeast corner of the intersection is upon property owned by one Ben Holstein.

From the proof adduced on the hearing before this court, it appears that the corner building located on the realty at the northeast corner of the intersection of Union Road and Seneca Street houses a law office, a beauty parlor and an office of Mr. Ben Holstein. Contiguous to the corner building and wall to wall with it is a garage equipped with two gasoline pumps. The proof establishes that the garage is a " filling station " within the definition of the ordinance. The question presented is whether the pumps described are within " the other corners formed by the intersecting roads " within the meaning of paragraph 10 of section VII of the zoning ordinance. If they are within the intersection, then the petitioners are entitled to a building permit provided petitioners otherwise comply with the applicable terms and conditions for a permit. If the pumps in question are not within the intersection as defined by the ordinance and do not constitute a filling station as defined in the ordinance, then petitioners are not entitled to a building permit.

In the absence of proof of abuse of discretion, bad faith or unreasonable discrimination, the courts will not interfere with the action of boards or officials acting on applications based on zoning ordinances. (See 22 Carmody-Wait, New York Practice, § 73; *People ex rel. Smith* v. *Walsh,* 240 N. Y. 606; *Matter of Goldenberg* v. *Walsh,* 242 N. Y. 576; *Matter of Sloane* v. *Walsh,* 245 N. Y. 208.) The courts will not interfere with the disposition by the Board of Appeals of a matter which does not involve an abuse of discretion and which can be best determined by the board itself. (*People ex rel. Helvetia Realty Co.* v. *Leo,* 195 App. Div. 887, affd. 231 N. Y. 619.) Applying this standard to the case before us, we conclude that the Zoning Board's determination that the filling station is not within the corner formed by the intersection is not arbitrary or capricious.

It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion. (*People ex rel. Hudson-Harlem Val. Title & Mtge. Co.* v. *Walker,* 282 N. Y. 400; *Matter of Levy* v. *Board of Stds. & Appeals,* 267 N. Y. 347 ; *Matter of Diocease of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508.) We are unable to say as a matter of law that the Zoning Board of Appeals of the Town of West Seneca acted arbitrarily in reaching its decision. Certainly the corner area in question is primarily used for purposes other than a filling station. The petition is dismissed, without costs.